IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JESSICA FAY EINKORN** | : | |
| | : | CIVIL ACTION |
| v. | : | No. 25-2546 |
| | : | |
| **UMORTGAGE** | : | |

**MEMORANDUM**

**McHugh, J.**                                                                                                                           **October 29, 2025**

Plaintiff Jessica Fay Einkorn brings various claims for discrimination, "harassment," and retaliation under Colorado and federal statutory law arising out of her former employment with Defendant UMortgage. Presently at issue is whether Plaintiff has alleged a "sexual harassment dispute," as defined in the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act, 9 U.S.C. §§ 401-402 (EFAA), nullifying an arbitration agreement she signed,[1] thereby allowing her to pursue her claims in court. I conclude that she has not.

Recently enacted in 2022 as an amendment to the Federal Arbitration Act, the EFAA allows complainants to circumvent otherwise enforceable arbitration agreements in sexual assault and sexual harassment cases. *See Cornelius v. CVS Pharmacy Inc.*, 133 F.4th 240, 245 (3d Cir. 2025); 9 U.S.C. § 402(a). To implicate the EFAA's protections, Plaintiff must "alleg[e] conduct

---

[1] As a condition of her employment, Plaintiff signed an employment contract, agreeing to arbitrate "any claims or disputes regarding [her] employment or separation from employment, including but not limited to any statutory or other claims regarding discrimination, harassment or retaliation." Agreement, ECF 12-4, Ex. A-1 at 10-11, ¶ 24. The parties do not dispute the agreement's validity or that Plaintiff's claims fall within the agreement's scope. *See White v. Samsung Elecs. Am., Inc.*, 61 F.4th 334, 338 (3d Cir. 2023) (instructing that, to compel arbitration, a valid arbitration agreement must exist, and the plaintiff's claims must fall within the agreement's scope).

constituting a sexual harassment dispute,"[2] which the statute defines as "a dispute relating to conduct that is alleged to constitute sexual harassment under applicable Federal, Tribal, or State law." 9 U.S.C. § 401(4).[3]

Although sexual harassment falls within the category of sex-based (*i.e.*, gender) discrimination, it "is conceptually distinct from sex discrimination." *Bostock v. Clayton Cnty.*, 590 U.S. 644, 669 (2020); *see also Moody v. Atl. City Bd. of Educ.*, 870 F.3d 206, 213 (3d Cir. 2017) ("Title VII . . . prohibit[s] sexual harassment because it is a form of sex discrimination."); *see also Ferris v. Bakery, Confectionery & Tobacco Union, Loc. 26*, 867 P.2d 38, 45 (Colo. App. 1993) ("The Colorado Anti-Discrimination Act creates a comprehensive remedial scheme to deal with unlawful discrimination in employment, including sexual harassment.") (internal citation omitted). Under both federal and Colorado law, sexual harassment involves discriminatory conduct that is explicitly sexual in nature, not just based upon gender. *See Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 68 (1986) ("The gravamen of any sexual harassment claim is that the alleged sexual advances were unwelcome.") (citation modified); *Starnes v. Butler Cnty. Ct. of Common Pleas, 50th Jud. Dist.*, 971 F.3d 416, 427 (3d Cir. 2020) ("A triable claim [under Title VII] exists when the plaintiff alleges that she would not have been sexually harassed but for her sex."); 29 C.F.R. § 1604.11(a) (defining sexual harassment as "[u]nwelcome sexual advances,

---

[2] Because Plaintiff does not bring a claim for sexual assault, the ensuing discussion is framed solely in terms of "sexual harassment dispute[s]."

[3] The statute further provides that if the plaintiff alleges a sexual harassment dispute, at the plaintiff's election, "no predispute arbitration agreement . . . shall be valid or enforceable *with respect to a case* which is filed under Federal, Tribal, or State law and *relates to . . . the sexual harassment dispute*." 9 U.S.C. § 402(a) (emphasis added). Though it appears no circuit court has addressed the breadth of the statute's applicability, the majority view among district courts is that if the EFAA applies, it precludes the arbitration agreement's enforceability as to all the plaintiff's claims related to the sexual harassment dispute. *See, e.g.*, *Johnson v. Everyrealm, Inc.*, 657 F. Supp. 3d 535, 561 (S.D.N.Y. 2023); *Bray v. Rhythm Mgmt. Grp., LLC*, No. CV TDC-23-3142, 2024 WL 4278989, at *8 (D. Md. Sept. 24, 2024) (collecting cases).

requests for sexual favors, and other verbal or physical conduct of a sexual nature"); 3 Colo. Code Regs. 708-1:80.8(A) (providing identical definition of sexual harassment in the Colorado Civil Rights Commission Rules and Regulations).

Upon close review, I can discern no allegations in the Amended Complaint constituting sexual harassment under either federal or Colorado law. Rather, Plaintiff alleges unlawful sex-based (*i.e.*, gender) discrimination, but not all such discrimination is sexual harassment. As Judge Savage of this Court cogently observed, "[s]ex discrimination differs from sexual harassment. Sex discrimination is discriminating against someone because of his or her sex. Sexual harassment is unwelcome sexual advances or other verbal or physical contact of a sexual nature." *Friel v. Mnuchin*, 474 F. Supp. 3d 673, 692 (E.D. Pa. 2020) (Savage, J.), *aff'd*, No. 20-2714, 2021 WL 6124314 (3d Cir. Dec. 28, 2021). Because Plaintiff has not alleged "conduct constituting a sexual harassment dispute," 9 U.S.C. § 402(a), the EFAA does not bar the agreement's enforceability as to her claims. Therefore, if Plaintiff wants to pursue her claims, she must arbitrate them according to the contract's arbitration provision. An appropriate order follows.

                                                /s/ Gerald Austin McHugh
                                             United States District Judge